UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JNN, a minor child by Cora E. Williams,
Parent and Next Friend,

     Plaintiff,        Case. No. 16-cv-13608

v.               Honorable Thomas L. Ludington
               Mag. Judge R. Steven Whalen
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

On August 27, 2013, Plaintiff JNN, a minor child, by Cora E. Williams, parent and next friend ("Plaintiff" or "Claimant"), applied for supplemental security income with an alleged disability onset date of October 12, 2002. Claimant's application was initially denied on February 11, 2014. Claimant requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on May 20, 2015, after which the ALJ issued a decision finding that JNN was not disabled. The Appeals Council denied review. Plaintiff sought review in this Court on October 10, 2016. The case was referred to Magistrate Judge R. Steven Whalen. The parties filed cross motions for summary judgment. Judge Whalen issued a report recommending that the Court grant Defendant's motion and deny Plaintiff's motion. Plaintiff filed timely objections to Judge Whalen's report and recommendation.

**I.**

Neither party has specifically objected to Judge Whalen's summary of the facts and history of the administrative proceedings in the case. That summary is therefore adopted in full.

Notably, the ALJ found that JNN had not engaged in substantial gainful activity since the alleged onset of the disability. ECF No. 12-2 at 26. The ALJ found that JNN was a school aged child on the date the application was filed and is currently an adolescent under 20 CFR 416.926a(g)(2). *Id.* The ALJ found that JNN suffered from the following severe impairments: asthma, attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), and post-traumatic stress disorder (PTSD). *Id.* The ALJ determined that JNN does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* (citing 20 CFR 416.924–419.926). Finally, the ALJ found that JNN does not have an impairment or combination of impairments that functionally equals the severity of a listing under 20 CFR 416.924(d) and 414.926(a), and that JNN was therefore not disabled. *Id.* at 26–40.

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

42 U.S.C. § 1382c (a)(3)(C)(I) provides that "[a]n individual under the age of 18 shall be considered disabled" if he or she "has a medically determinable physical or mental impairment which results in marked and severe functional limitations." In evaluating whether a child is disabled, the Commissioner is to consider, in sequence, whether the child claimant 1) is "doing

substantial gainful activity," 2) has a severe impairment, and 3) has "an impairment(s) that meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a). In determining whether the child claimant is disabled at the third step, the Commissioner determines functional ability in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 CFR § 926a(b)(1). In order to functionally equal the listings, the claimant must establish "marked" limitations in two of these domains, or "extreme" limitations in one domain. 20 CFR § 416.926a. A "marked" limitation is defined as an impairment(s) that "interferes seriously" with the ability "to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation "interferes very seriously" with the ability "to independently initiate, sustain, or complete activities" (emphasis added). 20 C.F.R. § 416.926a(e)(3).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

### A.

Specifically at issue in the cross motions for summary judgment is the ALJ's finding that JNN did not have marked limitations in the areas of 1) attending and completing tasks and 2) interacting and relating with others. In her motion for summary judgment, Plaintiff contends the ALJ's finding with respect to the domain of "attending and completing tasks" was not supported by substantial evidence for three reasons. First, Plaintiff argues that the ALJ improperly discounted the opinion of Plaintiff's 6th grade teacher and JNN's mother concerning his significant problems with attention and focus, as well as his Conner's Rating which revealed scores in the "very elevated" range for inattentiveness, hyperactivity, impulsivity and defiance/aggression. Pl's. Mot. at 18, ECF No. 20. Plaintiff argues that, notwithstanding that

evidence, the ALJ gave undue weight to "the opinion of the consultative examiner, Dr. Hayter, who saw JNN on a single occasion, and the State agency medical consultants, who never saw him at all." *Id.* at 19. Plaintiff also contends that the ALJ misinterpreted the opinion of Dr. Hayter. *Id.* Second, Plaintiff argues the ALJ improperly focused on claimant's "decision not to comply with treatment." *Id.* at 20. Plaintiff contends the decision was made by JNN's mother, and not JNN. *Id.* Finally, Plaintiff argues that the ALJ "did not address the fourth grade evaluations provided by JNN's teachers and the student support coordinator" who noted very serious problems with JNN's ability to sustain attention to tasks or activities. *Id.* at 20–21.

With respect to the domain of "interacting and relating with others" Plaintiff argues in her motion for summary judgment that the ALJ's finding was not supported by substantial evidence because: 1) he improperly discounted the opinion of JNN's sixth grade teacher and his mother in favor of the consultative examiner and medical consultants, 2) failed to consider the opinions of other school staffers concerning JNN's behavior in the fourth grade, and 3) placed improper focus on JNNs interaction with Dr. Hayter during their brief appointment to the exclusion of evidence concerning JNN's tendency to fight with his friends and his 10 suspensions over a five month period. *Id.* at 22–23.

**B.**

In his report, Judge Whalen found that the ALJ's findings were supported by substantial evidence, and recommended that the Court affirm the ALJ's decision, deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment. Rep. & Rec. at 16. Specifically, with respect to "attending and completing tasks," Judge Whalen noted that the opinion of JNN's teachers, while relevant, was not entitled to controlling weight, and the ALJ properly accorded more weight to the opinion of Dr. Hayter. *Id.* at 12–13. Judge Whalen also

found that it was appropriate for the ALJ to consider the fact that JNN did not take his medication, regardless of whether JNN's mother was to blame for him not doing so. *Id.* at 13–14 (citing *Williams v. Colvin*, 2015 WL 5735126, at *5 (E.D.Mo. September 29, 2015) (Caregivers' non-compliance in administering prescription medicine permissibly used to undermine the disability claim notwithstanding that childhood Claimant "was not responsible" for his caregivers' failures)). With respect to the domain of "interacting and relating with others," Judge Whalen again found that the ALJ properly accorded more weight to Dr. Hayter's opinion than the lay opinion of JNN's 6th grade teacher. *Id.* at 15.

## IV.

Plaintiff raises two objections to Judge Whalen's report and recommendation, which will be addressed in turn.

## A.

First, Plaintiff contends "The Magistrate Judge improperly analyzed the ALJ's finding that JNN's noncompliance with prescribed medication affected his credibility." Obj. at 2, ECF No. 25. Plaintiff contends that Judge Whalen misstated the ALJ's reasoning where Judge Whalen stated the ALJ "did not err in noting that the Plaintiff in this case (Claimant's mother) undermined her claim that her son was disabled by ignoring his pediatrician's recommendations and the prescribed medication regime." *Id.* at 3. According to Plaintiff, this was not the ALJ's finding. Rather, Plaintiff contends the ALJ "was suggesting instead that *JNN himself* was not credible because of the noncompliance." *Id.* at 3 (emphasis in original). Plaintiff contends that Judge Whalen compounded this error by misapplying case law. Plaintiff contends that the court in *Williams* "expressly rejected the idea that a child could be responsible for noncompliance with his medication" and that the *Wildman* case did not involve a childhood claimant at all. *Id.* at 4.

Firstly, the ALJ's decision was not predicated on a finding of JNN's credibility, or lack thereof. Nothing in the ALJ's opinion suggests that he found JNN's failure to take medication had any bearing on his credibility. This is apparent from the provisions of the ALJ's opinion that Plaintiff quotes, where the ALJ indicated that non-compliance with the medication regimen indicated "his symptoms may not be as severe as *his teacher* described" or that it undermined "much of the basis for *his need for treatment*." *Id.* at 3 (emphasis added). The first quote indicates the ALJ found that JNN's failure to take the prescribed medication undermined the weight of the teacher's opinion concerning his symptoms. The second quote indicates that the ALJ found the failure to take medication undermined the *validity of the disability claim itself*. Furthermore, the gravamen of Judge Whalen's finding was that the ALJ was correct in concluding that the failure to take medication *undermined the disability claim itself*, regardless of whether it was characterized as JNN's claim or his mother's claim, and regardless of who was at fault for the failure to take medication. Judge Whalen's explanatory parenthetical after the citation to *Williams* makes this clear: "caregiver's non-compliance in administering prescription medicine permissibly used *to undermine the disability claim* notwithstanding that childhood Claimant 'was not responsible' for his caregiver's failures." Rep. & Rec. at 14.

Secondly, Judge Whalen's citation to *Williams* was appropriate. Plaintiff is correct that the court in *Williams* noted that the minor child "was not responsible for his non-compliance" with the medication regimen. *Williams*, 2015 WL 5735126, at *5. This was not overlooked by Judge Whalen. In fact, Judge Whalen quoted precisely that portion of the *Williams* opinion. Rep. & Rec. at 14. Furthermore, the *Williams* court's discussion of who was at fault for the failure to take medication did not affect its finding that "[a] claimant's non-compliance with the prescribed

medical treatment is a factor which an ALJ may properly consider."[1] *Id.* This is precisely the reason why Judge Whalen cited that case. Indeed, it is difficult to imagine a case more on point considering the rather narrow question at issue, namely whether non-compliance with prescribed medical treatment should be considered by the ALJ when the disability claimant is a minor child. Plaintiff would answer this question in the negative. Plaintiff does not, however, dispute the rule that non-compliance with medical treatment should be considered by the ALJ in general. Plaintiff's unstated argument is that there is an exception for cases where the disability claimant is a minor child. Plaintiff notes that the minor child is not at fault for their care-giver's failure to administer prescribed medication, and an ALJ's consideration of that failure improperly punishes the minor claimant. However, Plaintiff provides no authority for this exception. Plaintiff is correct that *Williams* is a district court opinion from another circuit, but it is nonetheless persuasive authority, and Plaintiff has provided no reason to question it. Accordingly, Plaintiff's objection will be overruled.

**B.**

Second, Plaintiff contends "the Magistrate Judge further erred in finding the ALJ's analysis as to JNN's ability to interact and relate with others was supported by substantial evidence." *Id.* at 5. Plaintiff quotes the same two paragraphs from her motion for summary judgment in which the ALJ discussed observations of JNN's 6th grade teacher and JNN's mother concerning his ability to interact with others. Obj. at 5. Plaintiff again asserts that "this evidence certainly suggests a marked limitation, particularly when JNN's mother's actual testimony regarding his relationship with his friends - that he often fought and constantly argued with them

---

[1] Plaintiff's explanation for distinguishing *Wildman* is irrelevant. Judge Whalen did not cite *Wildman* to support his finding, he merely noted that *Wildman* is the case that the *Williams* court cited to support the proposition that "A claimant's non-compliance with prescribed medical treatment is a factor which an ALJ may properly consider." The *Williams* court then applied that principle to a situation involving a minor child.

(Tr. 60) – is considered. The Magistrate Judge acknowledged as much. However, the ALJ disregarded the opinions of JNN's sixth grade teacher and his mother in favor of the consultative examiner and medical consultant." *Id.* at 6. This language is a carbon copy of Plaintiff's motion for summary judgment. As Plaintiff concedes, Judge Whalen and the ALJ discussed the relevant evidence, but simply reached a different conclusion than Plaintiff did.

Plaintiff then reasserts the argument that it was inappropriate for the ALJ to give Dr. Hayter and Dr. Khademian's opinions more weight than the opinions of JNN's teacher and mother, considering the doctors had limited exposure to JNN whereas his teachers and mother had exposure to him on a regular basis. *Id.* at 6. This argument is identical to the one made in Plaintiff's motion for summary judgment. The only objection specifically directed at Judge Whalen's report is that Judge Whalen accepted the ALJ's reasoning, and Plaintiff does not think the ALJ's reasoning should be accepted. Obj. at 6.

Finally, Plaintiff argues that, although the ALJ correctly observed that JNN plays football and other sports, he also gets into fights and frequently gets suspended. *Id.* at 7. Much of this discussion is also a carbon copy of the motion for summary judgment. The only objection directed at Judge Whalen's report is the he "accepted as reasonable the ALJ's finding that JNN's ability to regularly participate in team sports undermined a finding of marked limitations despite the difficulties noted above." *Id.* at 7. Thus, as Plaintiff impliedly concedes, Judge Whalen properly understood Plaintiff's argument but rejected it. Plaintiff identifies no flaw in Judge Whalen's reasoning, but simply reaches a different conclusion than he did.

In sum, Plaintiff's second objection does nothing more than reassert the same arguments made in her motion for summary judgment, largely verbatim, and disagrees with Judge Whalen's rejection of those arguments without identifying any specific errors in Judge Whalen's

reasoning. Accordingly, de novo review is not warranted. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004) (noting that a general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (noting that an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection). Plaintiff does not contest Judge Whalen's finding that the "ALJ provided a lengthy and accurate discussion of the sixth grade teacher's findings and Plaintiff's testimony." As Judge Whalen noted, the ALJ simply "accorded significant weight to Dr. Hayter's consultative findings and Dr. Khademian's non-examining conclusions over the teacher assessment forms and Plaintiff's testimony . . . and noted that unlike the academic sources, Drs. Hayter and Khademian had the benefit of the evidence in the medical file as well as the educational records." Rep. & Rec. at 15. As Plaintiff notes, "This court is generally required to defer to opinions of the ALJ as to credibility, if those determinations are reasonable and supported by substantial evidence in the record. Obj. at 7 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F2d 524, 538 (6th Cir.1981)). Accordingly, Plaintiff's second objection will be overruled.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 25, are **OVERRULED**.

It is further **ORDERED** that Judge Whalen's report and recommendation, ECF No. 24, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 20, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 23, is **GRANTED.**

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED.**

                                             s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

Dated: February 14, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2018.

                     s/Kelly Winslow
                     KELLY WINSLOW, Case Manager